669 P.2d 201

STATE of Idaho, DEPARTMENT OF EMPLOYMENT, Plaintiff-Respondent,

v.

IDAHO ALLIED CHRISTIAN FORCES, Defendant-Appellant.

No. 13941.

Supreme Court of Idaho.

Sept. 8, 1983.

Ralph J. Gines, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Carol Lynn Brassey and Roger Martindale (argued), Deputy Attys. Gen., Boise, for plaintiff-respondent.

HUNTLEY, Justice.

The issue before this Court is whether the Industrial Commission correctly determined that Idaho Allied Christian Forces (IACF) is not exempt from unemployment insurance taxes pursuant to the Idaho Employment Security Law.

During the time leading up to this case, IACF employed two part-time workers—a clerical worker who performed general office duties and an editor who performed duties connected with the publication of IACF's newsletter. Although IACF has paid tax on the wages paid to these two employees pursuant to the Federal Unemployment Tax Act (FUTA), 26 U.S.C. § 3301, *et seq.*, it did not pay tax pursuant to the Idaho Unemployment Security Law.

On June 27, 1978, the Idaho Department of Employment issued its determination that the services performed by IACF's two employees constituted covered employment. Upon a request to reconsider and after considering new information submitted by IACF, the Department issued a determination continuing liability. On appeal, the appeals hearing examiner held that the services performed for IACF constituted covered employment. IACF appealed to the Industrial Commission, which adopted the findings of fact and conclusions of law prepared by its referee, and affirmed the decision of the appeals examiner.

Under the Idaho Employment Security Law, IACF is not exempt from paying taxes on the wages of its employees unless the services for which those wages are paid are performed:

"(1) In the employ of (i) a church or convention or association of churches, solely in religious activities, or (ii) an organization which is operated primarily for religious purposes and which is operated, supervised, controlled, or principally supported by a church, or convention or association of churches; ...."

I.C. § 72–1316A(g)(1) (amended to delete the phrase "solely in religious activities," 1982 Idaho Sess.Laws ch. 326, § 4, p. 811).

Additionally, even if IACF meets the requirements of I.C. § 72–1316A(g)(1), it is not exempt under the Idaho Employment Security Law if it is required to pay the taxes imposed by FUTA. I.C. § 72–1316(b) provides:

"Notwithstanding any of the other provisions of this act, services shall be deemed to be in covered employment if with respect to such services a tax is required to be paid or was *required* to be paid the previous year pursuant to the provisions of the federal unemployment tax act..." (Emphasis added.)

Although IACF has paid taxes on its employees' wages pursuant to FUTA, it argues that it was not *required* to do so, since the organization alleges it qualifies for an exemption under federal law.

In this case, the Industrial Commission concluded that IACF was required to pay the taxes imposed by FUTA and that it was not exempt under I.C. § 72–1316A(g)(1) because the organization's activities and purposes are social rather than religious in nature. Although we believe that in reaching this conclusion the Commission may have interpreted the meaning of "religious purposes" as it is used in the statutes too narrowly, we affirm the Commission's ultimate conclusion that IACF is not exempt from paying Idaho unemployment insurance taxes on the ground that IACF is not an organization described in I.C. § 72–1316A(g)(1).

I.C. § 72–1316A(g)(1)(i) exempts from unemployment insurance coverage services performed "in the employ of a church or convention or association of churches." The United States Supreme Court recently interpreted the federal version of this exemption, 26 U.S.C. § 3309(b)(1)(A), in *St. Martin Evangelical Lutheran Church v. South Dakota,* 451 U.S. 772, 101 S.Ct. 2142, 68 L.Ed.2d 612 (1981). The Court noted:

"Congress drew a distinction between employees 'of a church or convention or association of churches,' § 3309(b)(1)(A), on the one hand, and employees of 'separately incorporated' organizations, on the other. See H.R.Rep. No. 91–612, at 44. The former uniformly would be excluded from coverage by § 3309(b)(1)(A), while the latter would be eligible for exclusion under § 3309(b)(1)(B) only when the organization is 'operated, supervised, controlled, or principally supported by a church or convention or association of churches.' [12]

"[12] The importance of this distinction, and of giving meaning to both (A) and (B), is heightened by the great diversity in church structure and organization among religious groups in this country. See 1 A. Stokes, Church and State in the United States 720–883 (1950); Whelan, 'Church' in the Internal Revenue Code: the Definitional Problems. 45 Ford.L. Rev. 885 (1977). This diversity makes it impossible, as Congress perceived, to lay down a single rule to govern all church-related organizations.... *To establish exemption from FUTA, a separately incorporated church school (or other organization) must satisfy the requirements of § 3309(b)(1)(B):* (1) that the organization 'is operated primarily for religious purposes,' and (2) that it is 'operated, supervised, controlled, or principally supported by a church or convention or association of churches.' "

451 U.S. at 782, 101 S.Ct. at 2148 (emphasis added).

Since IACF is a "separately incorporated" organization, distinct from the various churches which support its principles, the issue before this Court is whether the churches connected with IACF constitute "an association of churches" which operates, supervises, controls or principally supports IACF, as contemplated by I.C. § 72–1316A(g)(1)(ii).

There is no definition of the phrase "association of churches" in I.C. § 72–1316A(g)(1) or its federal equivalent, 26 U.S.C. § 3309(b)(1). The Department has argued that we should adopt the meaning given that phrase by the United States District Court for the Central District of California in *Grace Brethren Church v. State of California,* No. CV 79–93 MRP (C.D.Cal., Apr. 3, 1981), opinion vacated on other grounds, 457 U.S. 393, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982), and hold that the phrase "church or convention or association of churches" refers only to the established, institutionalized religious denominations and their constituent congregations. The Department argues that since there is no institutionalized religious denomination which controls or supports IACF, the organization is not exempt. IACF, on the other hand, has argued that "association," as used in I.C. § 72–1316A(g)(1), should be given a broader definition, that being: "The act of associating, or the state of being associated; fellowship; combination for a common purpose," quoting Britannica World Language Edition of Funk & Wagnalls New Practical Standard Dictionary. Thus, IACF argues that the term applies to "a cooperative undertaking by churches of differing denominations," quoting Rev.Rul. 74–224, 1974–1, C. B.61. Even assuming that the broad definition of the term offered by IACF is applicable, the Commission's decision must be affirmed. Although the record demonstrates that various Christian churches in Idaho are informed of and support IACF's principles and activities, there is no evidence that those churches associate or meet directly together for the purpose of controlling, supervising, operating or principally supporting IACF.

The record establishes, and IACF does not dispute, that IACF is operated, supervised and controlled by a board of directors consisting of fifteen people who are elected annually by the members of the organization. To be eligible to serve on the board, a person simply must be a member of IACF. Membership in the organization is open to all persons who pay a five dollar annual

membership fee and sign the IACF membership form, which states that the signator believes in Jesus Christ. There is no requirement that a person be affiliated with a church in order to be a member in IACF, and in electing directors each member is free to cast his or her vote for whomever that person wishes. Although evidence was offered that board members generally have been nominated and elected with the intention of insuring representation of the various churches which have made financial contributions to IACF, there is no requirement or guarantee that members elected to the board of directors represent any particular church or that each church will have a director. Furthermore, even if the various churches are represented on the board of directors, such does not establish that there is an independent association of those churches in the sense that they have combined to achieve a common purpose. Similarly, although there was evidence that IACF receives approximately eighty-five percent of its funds from or through various Christian churches in Idaho, this does not constitute evidence of a cooperate undertaking by those churches.

The record indicates that IACF suggested to individuals who wished to make a contribution, that they make a donation to their church and ask the church to send it to IACF. The suggested reason for this policy is to avoid any question about the contributor's right to claim a deduction for his contribution for tax purposes. The testimony of Percival Wesche, the president of IACF, is telling: "Well, it is not an association [of churches] in the sense that you have a group of churches affiliated together as a group, to perform a function. But it is in the sense that each church has a representative...." Tr., p. 38. The evidence that the churches are represented was offered as support for the assertion that IACF is an "association of churches," a conclusion we believe is foreclosed by the Supreme Court's opinion in *St. Martin, supra.* There being no evidence of an association of churches which supervises, operates, controls or principally supports IACF, the Commission's conclusion that IACF is not exempt from unemployment insurance taxes under I.C. § 72–1316A(g)(1) must be *affirmed.*

Costs to respondents.

SHEPARD and BISTLINE, JJ., and DUNLAP, J. Pro Tem., concur.

McQUADE, J., Pro Tem., sat but did not participate.